The Employers' Liability Assurance Corporation Limited, Appellant, v. Eaby.

590

Argued November 13, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert Ruppin,* and with him *George H. Detweiler* and *Harvey B. Lutz,* for appellant.

*Chas. W. Eaby,* for appellee.

Opinion by Stadtfeld, J., February 1, 1934:

This was an action in assumpsit brought by The Employers' Liability Assurance Corporation, Limited, appellant, against Guy C. Eaby, appellee.

Plaintiff's statement avers that it is an insurance corporation duly registered under the laws of the State of Pennsylvania, and on August 17, 1925, it was the insurance carrier for H. M. Robertson & Co. of Middleport, New York; that on that date H. M. Robertson & Co., was the employer of John Purdy; that on August 17, 1925, the said John Purdy, in the course of his

employment with H. M. Robertson & Co., was driving an automobile which had a collision with an automobile driven by the defendant and was so injured that he died as a result; that the collision was caused by the negligence of the defendant; that, as a result, H. M. Robertson & Co. became liable for payments in accordance with the provisions of the Workmen's Compensation Law of the State of New York; that the defendant settled with the widow of John Purdy for causing the death of her husband; that plaintiff as the compensation insurance carrier of H. M. Robertson & Co. thereupon became liable for certain payments in accordance with the provisions of paragraphs 8 and 9 of Section 15 of the Workmen's Compensation Act of the State of New York, and in accordance with such liability paid the sum of one thousand dollars to the State of New York.

The statement recites Sections 8 and 9 of said Act, which in part are as follows: "8. Permanent total disability after partial disability. ...... Such additional compensation shall be paid out of a special fund created for such purpose in the following manner. The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death *in which there are no persons entitled to compensation* the sum of five hundred dollars." "9. Expenses for rehabilitating injured employes. ...... The employer, or if insured, his insurance carrier, shall pay into the vocational rehabilitation fund for every case of injury causing death, *in which there are no persons entitled to compensation,* the sum of five hundred dollars;" (Italics supplied) that under the provisions of Section 29 of the Workmen's Compensation Law of the State of New York, plaintiff upon making the payments as hereinbefore alleged became entitled to a cause of action for the amount of such payment against the defendant. It

recites Sec. 29, which in part is as follows: "In case of the payment of an award to the state treasurer in accordance with subdivisions eight and nine of Section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expenses of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased. Such a cause of action assigned to the State may be prosecuted or compromised by the commissioner. A compromise of any such cause of action by the employe or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioner, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same."

Plaintiff claimed the sum of $1,000 so alleged to have been paid by it to the State of New York.

To this statement of claim defendant appellee filed an affidavit of defense raising questions of law, as follows: (1) That plaintiff's statement shows no cause of action; (2) that appellant could not sue in its own name: (3) that assumpsit was not the proper form of action; (4) that the claim was barred by the statute of limitations; and (5) that the law of the forum applies and not the law of the State of New York and therefore plaintiff has no right of action against the defendant.

The court below, after argument, in an opinion by ATLEE, J., entered judgment against the plaintiff and for the defendant, basing its conclusion on the second and third questions of law above stated. From that judgment this appeal was taken.

At the argument of this appeal leave was asked by appellant, and subsequently granted, to amend plaintiff's statement of claim by inserting another paragraph averring that the said John Purdy left to survive him a widow who would have been entitled to compensation under the Workmen's Compensation Act of the State of New York, but by reason of the settlement made by the said widow with the defendant, there were no persons entitled to compensation under said Workmen's Compensation Act for the injury which caused the death of said John Purdy.

The amendment adds nothing to the original statement, as the latter averred the survival of a widow; the balance of the amendment is the statement of a legal conclusion which we think is not justified.

As there was no contractual relation between plaintiff and defendant, whatever right of action, if any, plaintiff may have, must be found in the Workmen's Compensation Act of the State of New York, assuming that its provisions could be enforced in the State of Pennsylvania.

An examination of the Act, as quoted in plaintiff's statement, shows that the payments required to be made by the employer, or his insurance carrier, under Sections 8 and 9 are "for every case of injury causing death *in which there are no persons entitled to compensation."* (Italics supplied). The statement discloses that there was a surviving widow who would have been entitled to compensation. The sums paid by plaintiff and for the recovery of which this action is brought, became payable only in cases where there were "no persons entitled to compensation" at the death of the employe. It does not apply to cases where there are persons entitled, who make settlement. In addition, under Sec. 29 of the Act, quoted in plaintiff's statement, the right of action arises only "In case of the payment of an *award* to the state

treasurer in accordance with subdivisions eight and nine of Section fifteen. Plaintiff's statement does not aver the making of any award. Plaintiff was not required to make the payments for which it now brings suit, and the voluntary settlement by defendant with the widow did not give rise to any cause of action in plaintiff.

We see no error in the action of the lower court in entering judgment in favor of defendant.

In view of our conclusion on the question discussed supra, it is not necessary to pass on the other questions of law raised in the affidavit of defense.

The assignments of error are overruled and judgment affirmed.